**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**BURDOCK AND ASSOCIATES, INC,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:08-cv-415-Orl-22KRS**

**BERNADENE MAGNUSON,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions:

> | | |
> |---|---|
> | **MOTION:** | **DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), (4), AND (5) (Doc. No. 10)** |
> | **FILED:** | **April 3, 2008** |

> | | |
> |---|---|
> | **MOTION:** | **DEFENDANT'S MOTION TO STRIKE GEORGE A. BURDOCK'S AFFIDAVIT IN OPPOSITION TO MOTION TO DISMISS (Doc. No. 18)** |
> | **FILED:** | **April 29, 2008** |

**I.     PROCEDURAL HISTORY.**

    Plaintiff Burdock and Associates, Inc. d/b/a The Burdock Group, Inc. ("Burdock") initiated this action on January 31, 2008, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. Doc. No. 2. Burdock alleged that its former employee, Bernadene A. Magnuson, breached a Confidentiality and Non-Compete Agreement with Burdock. Burdock sued for money

damages and temporary and permanent injunctive relief. *Id*. Magnuson removed the action to this court on March 20, 2008, on the basis of diversity of citizenship. Doc. No. 1.

Shortly thereafter, Magnuson filed Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(2), (4), and (5). Doc. No. 10. Magnuson argues that she was not properly served and that the Court lacks personal jurisdiction over her. Magnuson filed a Declaration of Bernadene Magnuson in support of her motion. Doc. No. 10-2 ("Magnuson Decl."). Burdock responded to the motion and submitted an Affidavit in Opposition to Motion to Dismiss by George A. Burdock. Doc. Nos. 16, 17 ("Burdock Aff.").

Magnuson subsequently filed Defendant's Motion to Strike George A. Burdock's Affidavit In Opposition to Motion to Dismiss. Doc. No. 18. Magnuson argues that George Burdock's affidavit failed to set forth a basis for personal knowledge of the facts asserted therein and that the facts stated are irrelevant to the issues. Burdock responded to this motion, doc. no. 26, and filed three Supplemental Affidavits in Opposition to Motion to Dismiss. The supplemental affidavits were signed by Kerry Drewski, Ray Matulka, and Dr. George Burdock. Doc. Nos. 23 ("Drewski Aff."), 24 ("Matulka Aff."), 25 ("Burdock Supp. Aff."). Pursuant to Court order, Magnuson submitted Defendant's Notice of Compliance with the Court's Amended Order of June 2, 2008 (DE 30). Doc. No. 34. Attached were the Declaration of Bernadene Magnuson ("Magnuson Supp. Decl."), doc. no. 34-2, and the Declaration of Lyle Magnuson ("L. Magnuson Decl."), doc. no. 34-3.

These motions have been referred to me for ruling or, if necessary, issuance of a Report and Recommendation. Doc. Nos. 19, 20.

**II.     STATEMENT OF FACTS.**

Burdock alleges that Magnuson is a resident of the State of Maryland. Doc. No. 2 ¶ 2. George Burdock avers that Magnuson and her husband owned a home in College Park, Maryland. Burdock Aff. ¶ 2. Service of process in this matter was made on Magnuson's husband on March 8, 2008, at the College Park home. Doc. No. 11-2. Magnuson was not present in Maryland on March 8, 2008, when process was served on her husband. Magnuson Supp. Decl. ¶ 2; L. Magnuson Decl. ¶ 3.

Magnuson avers that since the end of December 2007 she has been a resident and citizen of Canada. Magnuson Decl. ¶¶ 1, 2, 3. Although Magnuson remains married to her husband, who lives in Maryland, Magnuson avers that her relocation to Canada is permanent and that she has no present intention to move back to Maryland. Magnuson Supp. Decl. ¶¶ 2, 10, 11; *see also* L. Magnuson Decl. ¶ 2. Since moving to Canada, Magnuson has returned to Maryland only to move her personal belongings, to visit with her children once per month, and to attend the graduation ceremony of one of her children. Magnuson Supp. Decl. ¶ 11. Magnuson receives all mail at her Canadian address, has opened a personal bank account in Canada, and has opened a personal credit card account in Canada. Magnuson Supp. Decl. ¶¶ 5-7.

**III.    MOTION TO STRIKE.**

Magnuson argues that George Burdock's affidavit should be stricken in its entirety because the affidavit fails to establish a basis for personal knowledge and the facts contained therein are irrelevant. George Burdock avers that he is the President of Burdock and has personal knowledge of all matters stated in his affidavit. Burdock Aff. ¶ 1. Magnuson presents no evidence to the contrary. I find no basis to strike George Burdock's affidavit based on the record.

Magnuson also challenges the relevancy of some of Burdock's averments. The Court will consider those arguments in assessing the weight, if any, to be given to Burdock's affidavit.

## IV. MOTION TO DISMISS.

Magnuson argues that Burdock's complaint should be dismissed because service was not made in accord with the Hague Convention or Florida law, process was not issued in accord with the Hague Convention, and because the Court lacks personal jurisdiction over Magnuson under the Florida long-arm statute. Because I find Burdock failed to effect service of process on Magnuson, I do not address Magnuson's other arguments.

### A. Standard of Review.

The plaintiff has the burden "to plead sufficient material facts to establish the basis for exercise of" personal jurisdiction. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (citing *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 583 (M.D. Fla. 1991)). If the plaintiff meets this burden, "'the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute [that provides the basis for exercising personal jurisdiction over the defendant]. If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint.'" *Id*. (quoting *Prentice*, 779 F. Supp. at 583). "The district court must accept the facts alleged in the complaint as true, to the extent that they are uncontroverted by the defendant's affidavits. Where the parties' affidavit and deposition evidence conflict, the district court must construe all reasonable inferences in favor of the plaintiff." *Cable/Home Comm'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990) (citations omitted).

B.  Analysis.

Since the case was removed, Burdock has not acted to correct any alleged deficiency of process pursuant to 28 U.S.C. § 1448.  Therefore, sufficiency of service of process prior to removal is determined by state law.  *See Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n. 1 (11th Cir.1985) ("A federal court may consider the sufficiency of process after removal and does so by looking to the state law governing process.").

Under Florida law, service on individuals outside of the state is made in the same manner as service on persons within the state.  Fla. Stat. § 48.194.  Service of process on persons outside of the United States "may be required to conform to the provisions of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters." *Id.*[1]  Whether Burdock was required to serve Magnuson pursuant to the requirements of the Hague Convention turns

---

[1] The Hague Convention creates "appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time."  Hague Convention, preamble. . . .Under the Hague Convention, process is sent to the designated "central authority" of the state in which process is to be served.  *Id.*, art. 3.  The central authority must arrange to have process served on the defendants by a method prescribed by the receiving state or by a method designated by the requester and compatible with the law of the receiving state.  *Id.* art. 5.  Then, the central authority, or an authority designated by it, must complete a certificate setting forth how, where, and when service was made, or explaining why service was prevented.  *Id.* art. 6.  Finally, the central authority must provide a completed certificate of service to the original applicant.  *Id.*

*Koechli v. Bip Int'l, Inc.*, 861 So. 2d 501, 502-03 (Fla. 1st Dist. Ct. App. 2003)(citations omitted).  Canada became a signatory to the Hague Convention on May 1, 1989.  *See Curcuruto v. Cheshire*, 864 F. Supp. 1410, 1411 & n. 1 (S.D. Ga. 1994).

on whether Magnuson's "usual place of abode" was in Maryland or Canada.  *See* Fla. Stat. § 48.031(1)(a).

Under Florida law, the "usual place of abode" means the place where the defendant is actually living at the time of service. *See Shurman v. Atl. Mortgage & Inv. Corp.*, 795 So. 2d 952, 954 (Fla. 2001) (citations omitted). Likewise, when a person has multiple residences that he or she permanently maintains, service must be made at the dwelling house in which the defendant is living at the time of service. *State ex rel. Merritt v. Heffernan*, 195 So. 145, 147 (Fla. 1940). Mere ownership of a residence and service upon a spouse at that residence does not suffice to establish "usual place of abode," when the defendant submits an affidavit that she was not in the jurisdiction on the date of purported service, and that in fact she does not reside in the United States. *See Stern v. Gad*, 505 So. 2d 531, 532 (Fla. 3d Dist. Ct. App. 1987). Statutes governing service of process are to be strictly construed to insure that a defendant receives notice of the proceedings; the burden of proving the validity of service of process is on the plaintiff. *See Anthony v. Gary J. Rotella & Assocs., P.A.*, 906 So. 2d 1205, 1207 (Fla. 4th Dist. Ct. App. 2005) (citation omitted).

In this case, Magnuson avers that she relocated to Canada in December 2007 with no intention of returning. Given her declaration, her marriage and ownership of the home in Maryland is not determinative. Based on the evidence before the Court, Magnuson's usual place of abode on March 8, 2008, was in Canada. Therefore, service upon her husband in Maryland was ineffective. As Burdock does not contest that it has failed to serve Magnuson in accordance with the Hague Convention, Burdock has failed to sustain its burden of proving sufficiency of service of process. Without proper service of process, the Court lacks personal jurisdiction over Magnuson. *See Bodyup Fitness, LLC v. 2080039 Ontario, Inc.*, No. 07-22223-CIV, 2008 WL 516996, at * 6 (S.D. Fla. Feb.

23, 2008)(citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999), and *Polski Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986)).

## V.     RECOMMENDATION.

For the reasons stated above, I respectfully recommend that the Court:

1.     **GRANT** Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5), doc. no. 10, pursuant to Fed. R. Civ. P. 12(b)(2) and (5);

2.     **DENY** Defendant's Motion to Strike George A. Burdock's Affidavit In Opposition to Motion to Dismiss, doc. no. 18; and

3.     Direct the Clerk of the Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 17, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy